IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

LYNSEY N. McSWEENEY,         )
                                )
        Plaintiff,            )    TC-MD 111236N
                                )
        v.                   )
                                )
DEPARTMENT OF REVENUE,     )
State of Oregon,               )
                                )
        Defendant.       )    **DECISION OF DISMISSAL**

This matter is before the court on Defendant's motion to dismiss (motion) filed with its

Answer on January 17, 2012, requesting that Plaintiff's Complaint be dismissed because it was

filed "well past the 90 day statutory time limit outlined in ORS 305.280." (Def's Answer at 1.)

Plaintiff appeals from Defendant's Notice of Deficiency Assessment for the 2010 tax

year (notice), which is dated August 29, 2011. (Ptf's Compl at 2.) Plaintiff's Complaint was

postmarked December 1, 2011. A case management conference was held in this matter on

February 6, 2012. Plaintiff appeared on her own behalf. Kevin Cole (Cole), Tax Auditor,

appeared on behalf of Defendant. Plaintiff's tax preparer, Krista Hobbs (Hobbs), H&R Block,

also participated in the conference. During the February 6, 2012, conference, the parties

discussed Defendant's motion and agreed to deadlines by which to submit additional written

arguments, which were memorialized in a Journal Entry dated February 7, 2012.

A.    *Contentions of the parties*

Plaintiff filed her written arguments on February 14, 2012. Plaintiff stated that she did

not receive Defendant's notice "until September 6, 2011[,] due to the Labor Day holiday." (Ptf's

Ltr at 1, Feb 14, 2012.) Plaintiff stated that, after receiving the notice, she called Defendant and

was "was told at that time that [her] case was still in appeal and there was nothing [she] could do

right then." (*Id.*) Plaintiff stated that also contacted Hobbs "to continue to work on [her] appeal" and sought to gather "proof regarding [her] living situation." (*Id.*) Plaintiff stated that, "[i]n November of 2011, [she] received a Distraint Warrant and Writ of Execution letter dated November 10, 2011." (*Id.*) Plaintiff stated that Hobbs called Defendant and

> "was told again everything was still in appeal and there was nothing to do, but wait it out and call back in January of 2012 if we were still waiting. [Hobbs] called one more time on November 22, 2011, because we knew the 90 days was coming up. She finally talked to someone at the Oregon Department of Revenue who told her she was talking to the wrong people and needed to get the appeal into the magistrate before 90 days were up."

(*Id.*) Plaintiff stated that, "[d]ue to banks and businesses being closed for the Thanksgiving holiday, [she] was unable to get back into see [Hobbs] to finalize all the paperwork and get it put together until [her] next day off on December 1, 2011." (*Id.*)

Plaintiff does not dispute that her Complaint was not filed within 90 days of the date of the notice, but argues that she "talked to [Defendant] several times during the time period in order to better understand the information needed and was told there was nothing [she] could do but wait[,] which [communications] were admitted to being misleading during the phone call with Mr. Cole on February 6, 2012." (Ptf's Ltr at 2, Feb 14, 2012.)

Defendant filed its Response on March 6, 2012. Defendant stated that, under ORS 305.265(11), "[m]ailing of notice to the person at the person's last-known address shall constitute the giving of notice as prescribed in this section." (Def's Response at 1.) Defendant stated that Hobbs called Defendant's "collection section" on November 14, 2011, and characterizes the purpose of that call as to "get[] the collection notices stopped." (*Id.* at 2.) Defendant disagreed with Plaintiff's statements indicating that numerous telephone calls were

/ / /

/ / /

made to Defendant by Plaintiff and Hobbs: "There is only one notation on Plaintiff's account[,] dated July 8, 2011[,] which indicates the Plaintiff was inquiring about her written objection." (*Id.*)

B.      *Analysis*

> "*An appeal* under ORS 323.416 or 323.623 or *from any notice of assessment* or refund denial issued by the Department of Revenue with respect to a tax imposed under ORS chapter 118, 308, 308A, 310, 314, 316, 317, 318, 321 or this chapter, or collected pursuant to ORS 305.620, *shall be filed within 90 days after the date of the notice*. An appeal from a proposed adjustment under ORS 305.270 shall be filed within 90 days after the date the notice of adjustment is final."

ORS 305.280(2) (emphasis added).[1]  However, "an appeal from a notice of assessment of taxes imposed under ORS chapter 314, 316, 317 or 318 may be filed within two years after the date the amount of tax, as shown on the notice and including appropriate penalties and interest, is paid." ORS 305.280(3).  Plaintiff has not paid the deficiency and admits that the appeal was not timely filed within the 90 days allowed under ORS 305.280(2).

Plaintiff's argument, in essence, is estoppel.  To make a successful claim for estoppel, a "taxpayer must prove three elements: (1) misleading conduct on the part of the defendant[ ]; (2) taxpayer's good faith reliance on that conduct; and (3) injury to taxpayer." *Hoyt Street Properties LLC v. Dept. of Rev.* (*Hoyt Street Properties*), 18 OTR 313, 318 (2005) (citation omitted).  To show that a defendant engaged in misleading conduct, a taxpayer must offer "proof positive" of that conduct. *Id.* (citation omitted).  "[M]ere testimony that the government orally misguided taxpayer, is generally, by itself, insufficient to show 'proof positive' that the taxpayer was misled." *Webb v. Dept. of Rev.,* 19 OTR 20, 24 (2006) (citing *Schellin v. Dept. of Rev.* (*Schellin*), 15 OTR 126, 131 (2000)).  In *Schellin*, this court explained the problems with alleged misleading conduct based on oral communications:

---

[1] All references to the Oregon Revised Statutes (ORS) are to 2009.

"There are many possibilities for misunderstanding with oral communication. Taxpayers are often unfamiliar with taxation procedures. It is easy for them to become confused even where correct information is given. Additionally, the court often has no way to know the exact questions that taxpayers may ask when seeking direction from a government official. Taxpayers may phrase their questions in a manner which leads a government official to believe they were inquiring about something other than what they intended."

15 OTR at 132 (citations omitted). Furthermore, when "written materials containing accurate information and advice are given to taxpayers, taxpayers may not continue to rely on an understanding based on oral representations or discussions which are contrary to the written information." *Hoyt Street Properties*, 18 OTR at 318 (citations omitted).

Plaintiff stated that she and Hobbs had several oral communications with Defendant that led them to believe that an appeal was still pending with Defendant. Defendant disagrees regarding the number of communications that occurred and the information provided through those communications. The court does not question that Plaintiff and Hobbs contacted Defendant subsequent to receiving Defendant's notice. However, it is not clear to the court that Plaintiff received misleading information through her communications with Defendant. The court finds that Defendant did not admit to having misled Plaintiff at the case management conference of February 6, 2012. Instead, this court finds that Defendant made a comment regarding the potential for the Department of Revenue's internal structure to cause confusion. Furthermore, Plaintiff received Defendant's written notice which included instructions advising that an appeal to the Tax Court had to be filed within 90 days of the date of the notice. Plaintiff stated that she and Hobbs called Defendant in November because they "knew the 90 days was coming up." (Ptf's Ltr at 1, Feb 14, 2012.) There is insufficient evidence of "misleading conduct" on the part of Defendant; thus, Plaintiff has not satisfied the requirements of estoppel.

/ / /

Plaintiff did not timely file her Complaint within 90 days of the date of the notice as required by

ORS 305.280(2) and Defendant's motion must, therefore, be granted.[2]  Now, therefore,

IT IS THE DECISION OF THIS COURT that this matter be dismissed.

Dated this ____ day of March 2012.

 

 

ALLISON R. BOOMER
MAGISTRATE PRO TEMPORE

*If you want to appeal this Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within 60 days after the date of the Decision or this Decision becomes final and cannot be changed.*

*This document was signed by Magistrate Pro Tempore Allison R. Boomer on March 20, 2012.  The Court filed and entered this document on March 20, 2012.*

---

[2] Defendant stated in its Response that Plaintiff has "two [additional] choices.  First, * * * pay the account in full, and then appeal to the Magistrate within two years from the date paid (ORS 305.280(3)).  Second, request relief through the doubtful liability process [under ORS 305.295 and] the form 'A Request for Doubtful Liability Release' can be found on the Department's web site * * *."  (Def's Response at 4.)